**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

STEWART LUCAS MURREY,

Plaintiff,

v.

COUNTY OF SAN DIEGO, a municipal entity; CITY OF SAN MARCOS, a municipal entity; DEPUTY ISAAC PADILLA, SDSO; WARREN BASILE, LMFT, PERT Clinician, SDSO; HANNAH ROST, SDSO Deputy; and DOE OFFICERS 4–10, SDSO Deputies,

Defendants.

Case No.: 3:26-cv-02327-BAS-VET

**ORDER GRANTING MOTION TO QUASH SUBPOENAS, GRANTING IN PART MOTION FOR PROTECTIVE ORDER BY THIRD PARTY KAREN MURREY, AND DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER**

**[ECF Nos. 17, 23]**

Before the Court are a Motion to Quash Subpoenas ("Motion to Quash") and Cross Motions for Protective Order. ECF Nos. 17, 23. In the Motion to Quash, third party Karen Murrey ("Mrs. Murrey") seeks to quash three subpoenas issued by Plaintiff to three medical providers for Mrs. Murrey's medical records. ECF No. 17 at 2, 7–9; *see also* ECF No. 25. In her corresponding Motion for Protective Order, Mrs. Murrey requests that the Court issue a protective order prohibiting Plaintiff from issuing any further subpoenas for Mrs. Murrey's private records. *Id.* at 2, 9. Plaintiff timely opposed the Motion to Quash

and moves for a protective order that provides for the confidential handling of Mrs. Murrey's medical records. ECF Nos. 22, 23 at 8–9.

For the reasons stated below, the Court **GRANTS** the Motion to Quash, **GRANTS IN PART** Mrs. Murrey's Motion for a Protective Order, and **ISSUES** the below Protective Order. Plaintiff's Motion for a Protective Order is **DENIED**.

## I. FACTUAL BACKGROUND

Plaintiff brings a civil rights action primarily under 42 U.S.C. § 1983 against the County of San Diego, the City of San Marcos, and various individual defendants (collectively "Defendants") for allegedly violating his civil rights on two separate occasions. ECF No. 20 at 1–2. First, on September 27, 2025 (the date of Plaintiff's father's death), Plaintiff's sister and brother-in-law (the "Mazzolas") purportedly accused Plaintiff of murdering his father in front of San Diego County Sherriff's Department deputies. ECF No. 20 at 11–12. Plaintiff alleges that the Sheriff's deputies credited the accusation without further investigation and encouraged Mrs. Mazzola to document her concerns. *Id.* at 12. Second, on September 30, 2025, in response to Plaintiff's call for protection, Sheriff's deputies purportedly forced him to leave his residence through "their show of authority, threats," and the "manipulated statements" of Mrs. Murrey. *Id.* at 15. In the following days, Plaintiff alleges that he was "forcibly evicted" from his home and denied the ability to file an elder abuse report against the Mazzolas. *Id.* at 20. He further contends that Mrs. Mazzola, under the name "Karen Murrey," filed a fraudulent elder abuse temporary restraining order ("TRO") petition against him. *Id.* at 24. Plaintiff initiated this suit against Defendants on April 13, 2026 and filed the operative Amended Complaint on July 13, 2026. ECF Nos. 1, 20.

On June 17, 2026, Plaintiff issued subpoenas to third parties UCSD Health, Headlight Health, and Scripps Health (collectively the "Subpoenas"), with responses due on July 7, 2026 by UCSD Health and Headlight Health and July 12, 2026 by Scripps Health. ECF Nos. 17 at 6, 25 at 4, 17, 54. The Subpoenas all seek medical records relating to Mrs. Murrey in the possession, custody, or control of each recipient, including clinical

notes, records relating to tests, scans, or studies, such as cognitive examinations, capacity letters, billing and insurance records, records relating to Mrs. Murrey's visits to each healthcare facility, and communication records. *See* ECF No. 25 at 10–11, 19, 55.

On June 25, 2026, Mrs. Murrey raised a discovery dispute with the Court, objecting to the Subpoenas, and on July 1, 2026, the Court held a Discovery Conference to address Mrs. Murrey's objections. ECF Nos. 8, 14. Plaintiff failed to appear at the Conference. *Id.*; *see also* ECF Nos. 15, 16, 19. Given Plaintiff's failure to appear, the Court granted Mrs. Murrey leave to file the underlying Motion to Quash and, if appropriate, to move for a protective order. ECF No. 13 at 2. The Court also relieved all third parties of any obligation to comply with the Subpoenas pending resolution of the Motion to Quash. *Id.* It is the Court's understanding that no recipient has yet complied with the Subpoenas. *See* ECF No. 22 at 4.

At this juncture, there is no proof of service on the docket and the named defendants have yet to appear or respond to the operative complaint. *See generally* Docket. As such, the Court has not set any deadlines for a Rule 26(f) conference or initial disclosures or scheduled a case management conference.[1] *Id.*; *see also* Fed. R. Civ. P. 26(f).

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 26

Federal Rule of Civil Procedure 26 governs the scope of discovery and states in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

---

[1] All references to a "Rule" are to the Federal Rules of Civil Procedure unless otherwise indicated.

Fed. R. Civ. P. 26(b)(1). Relevance under Rule 26(b) is broadly defined. *In re Bank of Am. Cal. Unemployment Bens. Litig.*, No. 21-md-2992-GPC-MSB, 2024 U.S. Dist. LEXIS 111988, at *20 (S.D. Cal. June 25, 2024); *Rogers v. Gerbino*, 288 F.R.D. 469, 479 (S.D. Cal. 2012) (relevance "is construed broadly to include any matter that bears on, or reasonably could lead to other matter that could bear on, any issue that may be in the case"). Moreover, information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). The Court may limit discovery if: (1) it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;" (2) the party who seeks discovery "has had ample opportunity to obtain the information by discovery;" or (3) "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). The Court has broad discretion to permit or deny discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A), (D). Per Rule 26, a protective order may, in relevant part, forbid discovery, specify terms for the disclosure or discovery, prescribe a discovery method, forbid inquiry into certain matters or limit the scope of discovery into certain matters, or require that certain information produced in discovery not be revealed publicly or be revealed only in a specified way. *See* Fed. R. Civ. P. 26(c)(1)(A)–(H). "The burden is upon the party seeking the [protective] order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO*, 364 F.3d 1057, 1063 (9th Cir. 2004). Rule 26(c) confers on the Court "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Lastly, Rule 26(d)(1) also provides that "no party can seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding

exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

**B. Federal Rule of Civil Procedure 45**

Rule 45 governs discovery of nonparties and permits a party to serve a subpoena commanding a nonparty to produce materials. Rule 45 further requires that, on timely motion, the Court quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(ii).

Courts may also apply extra protections when discovery is sought from nonparties. *See High Tech Med. Instrumentation v. New Image Indus.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) ("the Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts"); *see also Century Sur. Co. v. Master Design Drywall, Inc.*, No. 09-cv-280-LAB-AJB, 2010 U.S. Dist. LEXIS 53831, at *3 (S.D. Cal. June 2, 2010) ("Underlying the protections of Rule 45 is the recognition that the word 'non-party' serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery.") (citations and quotations omitted); *Kim v. NuVasive, Inc.*, No. 11-cv-1370-DMS-NLS, 2011 U.S. Dist. LEXIS 96878, at *6–7 (S.D. Cal. Aug. 29, 2011) ("Non-parties deserve extra protection from the courts."). A court should not unnecessarily restrict discovery, but a court may allow broader restrictions "when a nonparty is the target of discovery." *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). The scope of discovery under Rule 45 is the same as the scope under Rule 26(b). *Ow v. United States*, No. 17-cv-00733-SK, 2018 U.S. Dist. LEXIS 227748, at *2 (N.D. Cal. June 12, 2018).

## III. <u>MOTION TO QUASH</u>

Although neither Plaintiff nor Mrs. Murrey address whether Mrs. Murrey has standing to challenge the Subpoenas, the Court finds as an initial matter that Mrs. Murrey has the requisite standing. "A party that is not the recipient of a subpoena has standing to challenge the subpoena where its challenge asserts that the information is privileged or protected to itself." *Cones v. Parexel Int'l Corp.*, No. 16-cv-3084-L-BGS, 2018 U.S. Dist.

LEXIS 103458, at *5 (S.D. Cal. June 20, 2018). Given that the Subpoenas seek the disclosure of Mrs. Murrey's private medical information, she has standing to challenge the Subpoenas on that basis. *Id.*; *see also* Fed. R. Civ. R. 45(d)(3)(A).

The Court further finds that the Subpoenas are premature based on the current posture of this case. The Court has not issued a service of summons and no defendant has appeared or responded to the operative complaint. This means that the Court has not set any deadline for the parties to conduct the Rule 26(f) conference and thus, this conference has yet to occur. As such, under Rule 26(d)(1), no party, including Plaintiff, can pursue discovery at this time unless one of the exceptions enumerated therein applies. Plaintiff does not argue that any exception applies, concedes that discovery is not "open," and asks the Court to hold the Subpoenas in "abeyance" until "the case reaches the stage at which the federal rules open discovery." *See* ECF No. 22 at 2, 4.

To avoid any confusion going forward, the Court declines Plaintiff's invitation to hold the Subpoenas in abeyance. Instead, because the Subpoenas are barred at this stage of the case, the Court **GRANTS** the Motion to Quash and **QUASHES** the Subpoenas in their entirety. Fed. R. Civ. P. 26(d)(1); *see, e.g., Olson v. Puckett*, No. 2:21-CV-1482-KJM-DMC, 2022 U.S. Dist. LEXIS 151120, at *2 (E.D. Cal. Aug. 16, 2022) (quashing subpoena issued prematurely before Rule 26(f) conference); *Giddens v. Solano Cty.*, No. 2:19-cv-0019-KJM-EFB PS, 2019 U.S. Dist. LEXIS 133902, at *6 (E.D. Cal. Aug. 8, 2019) (same).

## IV. PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

In response to the Motion to Quash, Plaintiff filed a cross motion for a protective order, conceding that Mrs. Murrey's medical information warrants some measure of protection from disclosure. ECF No. 23 at 8–9. However, Plaintiff seeks a standard protective order that would treat Mrs. Murrey's medical records as confidential, limit their use to this action, and require that such records be filed under seal or in redacted form. *Id.* at 8–9. For the reasons discussed below, the Court finds that Plaintiff's proposed protective order is inadequate and **DENIES** Plaintiff's Motion for a Protective Order. Once all named defendants appear in the action, the Court encourages Plaintiff to meet and confer with

defendants regarding a proposed protective order governing the disclosure of all potentially confidential or sensitive information in this action.

## V. MRS. MURREY'S MOTION FOR PROTECTIVE ORDER

In addition to the Motion to Quash, Mrs. Murrey seeks a protective order prohibiting Plaintiff from issuing future subpoenas for Mrs. Murrey's private records. ECF No. 17 at 9. This case is still at the pleading stage and no defendant has responded. Hence, the nature and extent of the parties' claims and defenses is not fully known, and it is premature to issue a blanket protective order prohibiting all discovery for certain records.

However, the Court is sensitive to protecting nonparties from the type of discovery sought here. *High Tech Med. Instrumentation*, 161 F.R.D. at 88. Furthermore, as described above, the Subpoenas seek Mrs. Murrey's sensitive and private medical information, including mental health information, that would reveal medical diagnoses and treatment. *See* ECF No. 25 at 10–11, 19, 55. Mrs. Murrey wishes to limit the disclosure of her private medical information and, given that she is not a party to this action, challenges the relevance of her medical records to any of Plaintiff's claims. ECF No. 25 at 7–9. In also moving for a protective order, Plaintiff does not dispute "the sensitivity of the records" and the need to maintain Mrs. Murrey's medical information confidential. ECF No. 22 at 8.

"Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995). Furthermore, a party generally enjoys privacy rights in his or her medical records. *Anderson v. Clawson*, No. 5:13-0307-LHK, 2014 U.S. Dist. LEXIS 101973, at *6 (N.D. Cal. Jul. 25, 2014). Here, given the sensitive medical information Plaintiff seeks from UCSD Health, Headlight Health, and Scripps Health, including mental health information, the Court agrees that this information warrants protection from disclosure.

In determining what type of protection is appropriate, the Court notes that, to date, Plaintiff has been careless in the handling of Mrs. Murrey's private medical information. On June 30, 2026, Plaintiff filed Mrs. Murrey's confidential medical records on the public

docket, causing this Court to strike the filing from the record. *See* ECF No. 12. And in his response to the Motion to Quash, Plaintiff references and discloses Mrs. Murrey's medical diagnoses, conditions, and related findings. ECF No. 22 at 6. The latter occurred after this Court instructed Plaintiff to familiarize himself with the Court's rules and procedures for filing information under seal as appropriate. Plaintiff has also shown an inability or unwillingness to follow applicable rules and Court orders. As noted, Plaintiff issued the Subpoenas in violation of Rule 26(d)(1) and then failed to appear at a Discovery Conference on July 1, 2026 to discuss Mrs. Murrey's objections to the Subpoenas. *See* ECF No. 14. He also would not engage in timely and meaningful meet and confer discussions with Mrs. Murrey's attorney prior to the attorney contacting the Court, despite a requirement to do so. *See* ECF No. 17-1 at ¶¶ 2–3; *see also* J. Torres Civ. R. VII.A. This concerning pattern of behavior further confirms that protective measures are necessary to avoid the improper and/or inadvertent disclosure of Mrs. Murrey's private information. And given Plaintiff's prior conduct, the Court is not persuaded that Plaintiff's commitment to treat Mrs. Murrey's medical information as confidential and seal or redact produced information in the future is sufficient. ECF No. 23 at 8–9.

Additionally, at least two state courts have concluded that Plaintiff is a vexatious litigant. *See Valdes v. Murrey*, No. 24STCV16656, 2026 Cal. Super. LEXIS 26556, at *4 (March 26, 2026); Minute Order at 10–12 in *Murrey v. Gibbons, et al.*, No. 23STCV14890 (Cal. Super. Ct. Apr. 29, 2025) (referenced in *Murrey v. Facebook, Inc.*, No. 25STCV02792, 2025 Cal. Super. LEXIS 41387, at *11 (Aug. 7, 2025)) (docketed in this action at ECF No. 17-1, Ex. 2 at 21–23). The state court in *Murrey v. Murrey*, an Elder Abuse Restraining Order proceeding, also recently denied Plaintiff's motion to compel production of Mrs. Murrey's medical records and quashed Plaintiff's subpoenas seeking medical records from Mrs. Murrey's medical providers. Minute Order at 2, 4–5 in *Murrey v. Murrey*, No. 25CU053594N (Cal. Super. Ct. May 8, 2026) (docketed in this action at ECF No. 17-1, Ex. 1 at 7, 9–10). Mrs. Murrey thus expresses concern that Plaintiff, having been denied access to her medical records in state court, is using this litigation to obtain

these records. *See* ECF No. 17 at 5. While the Court expresses no opinion as to unrelated state court proceedings, the Court will not allow a party to use this Court's discovery rules or procedures for improper purposes, including circumventing another court's order. *See Seattle Times Co.*, 467 U.S. at 35 (finding that district court correctly issued protective order because it has equitable power to protect integrity of its own processes); *Ringgold-Lockhart v. County of L.A.*, 761 F.3d 1057, 1061 (9th Cir. 2014) ("Federal courts can regulate the activities of abusive litigants by imposing carefully tailored restrictions under . . . appropriate circumstances.") (internal quotation marks omitted).

In short, under these circumstances, the Court finds that a protective order is appropriate to minimize the risk of harm that may result from unfettered access and disclosure of Mrs. Murrey's private medical information and records. That protective order will implement a formal process that ensures both the orderly production of information and prompt resolution of any objection to the production of Mrs. Murrey's information. *See, e.g., LT Int'l Ltd. v. Shuffle Master, Inc.*, No. 2:12-cv-1216-JAD-GWF, 2014 U.S. Dist. LEXIS 103134, at *10 n.21 (D. Nev. July 29, 2014) (approving protective order requiring all parties, when issuing nonparty subpoenas, to provide nonparty with ten days to either request protection under the protective order, state they do not need protection, or seek alternative protections); *Philhower v. Philhower*, No. 8:24-cv-00074-MRA-JDE, 2024 U.S. Dist. LEXIS 205138, at *22–25 (C.D. Cal. Oct. 14, 2024) (approving protective order creating process for handling discovery requests seeking confidential nonparty information); *see also Cordero v. Stemilt AG Servs., LLC*, 142 F.4th 1201, 1204 (9th Cir. 2025) (confirming that courts have discretion to issue tailored protective order). At this point, the Court makes no ruling as to the relevance of Mrs. Murrey's medical information given that no proper subpoena is before the Court and the case is still at the pleading stage, meaning the nature and extent of the parties' claims and defenses is not fully known.

Accordingly, good cause appearing, the Court **GRANTS IN PART** Mrs. Murrey's Motion for Protective Order and **ISSUES** the following Protective Order:

**PROTECTIVE ORDER**

1. Before serving any Rule 45 subpoena seeking information relating to Mrs. Murrey, Plaintiff **SHALL** promptly notify Mrs. Murrey, **through her counsel**, of the subpoena and attach a copy of the proposed subpoena (hereinafter "Required Notice").

2. Plaintiff **SHALL NOT** serve any proposed subpoena for information relating to Mrs. Murrey prior to providing Mrs. Murrey with the Required Notice.

3. Mrs. Murrey may, **within ten business days of receipt of the Required Notice**, serve Plaintiff with written objections to the proposed subpoena.

4. If Mrs. Murrey objects, counsel for Mrs. Murrey and Plaintiff **SHALL** promptly meet and confer in person or by videoconference and engage in good-faith discussions to resolve all disputed issues.

5. Should the parties fail to resolve any dispute regarding the proposed subpoena, the parties **SHALL jointly** call the undersigned's Chambers and speak to the law clerk assigned to the case. During the call with Chambers, Plaintiff and counsel for Mrs. Murrey should be prepared to: (1) explain the details of the dispute and the parties' respective positions; (2) describe the parties' meet and confer efforts; (3) identify the relief requested; and (4) provide three dates and times within the next seven (7) days when Plaintiff and counsel for Mrs. Murrey are available for an in-person hearing or video conference with the Court.

6. If Mrs. Murrey notifies Plaintiff that she does not object to the proposed subpoena or Mrs. Murrey fails to respond within ten business days, whichever occurs first, Plaintiff may proceed with service of the proposed subpoena in accordance with the requirements of Federal Rule of Civil Procedure 45, including, but not limited to, notifying all parties prior to serving the subpoena on the person to whom it is directed. *See* Fed. R. Civ. P. 45(a)–(b). To the extent Mrs. Murrey's medical records are produced in this action pursuant to a properly issued subpoena, all such records **SHALL** be treated as confidential, may not be publicly disclosed, and must be used only for purposes of this action.

7. If Mrs. Murrey objects to any proposed subpoena, Plaintiff **SHALL NOT** **serve the proposed subpoena absent either Mrs. Murrey's withdrawal of the objection(s) or leave of Court**.

8. The Court may modify the terms and conditions of this Protective Order for good cause, in the interest of justice, or on its own order at any time in these proceedings.

## V. CONCLUSION

Based on the foregoing, the Court **GRANTS** the Motion to Quash, **GRANTS IN PART** Mrs. Murrey's Motion for a Protective Order, and **DENIES** Plaintiff's Motion for a Protective Order.

**IT IS SO ORDERED**.

Dated: July 21, 2026

Honorable Valerie E. Torres
United States Magistrate Judge